UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAREN PORTER,

        Petitioner,                Case Number: 2:15-12172
                                               HONORABLE SEAN F. COX

v.

RICHARD IVERS,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Daren Porter has filed what this Court construes as a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a first-degree murder conviction rendered in Wayne County Circuit Court in 1982. Although Petitioner is incarcerated pursuant to a conviction and sentence imposed by a Michigan state court, he is currently in the custody of the Bureau of Prisons (BOP) and confined at the United States Penitentiary Victorville, in Adelanto, California, pursuant to 18 U.S.C. § 5003, which allows a state to contract with the BOP to provide for the custody of state inmates. *See* Memorandum and Order Transferring Petition, dkt. # 2. The Court finds that Petitioner has not properly exhausted his state court remedies and dismisses the petition without prejudice.

### I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

## II.

The pending habeas petition will be dismissed because Petitioner fails to satisfy his burden of demonstrating exhaustion of state court remedies. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States

Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845. A Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court before seeking habeas review in federal court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner neither alleges nor establishes that he has sought any review of his conviction or his sentence and current incarceration in the Michigan appellate courts. Petitioner should present his claims to the state courts in the first instance. A prisoner is required to comply with this exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available to Petitioner. Petitioner may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and

stay proceedings pending exhaustion.  *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002).  In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction.  Thus, the Court will dismiss the petition.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice.  Therefore, the Court denies a certificate of appealability.

## IV.

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus [dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.


Dated:  August 12, 2015                        S/ Sean F. Cox                        
                                               Sean F. Cox
                                               U. S. District Judge


I hereby certify that on August 12, 2015, the foregoing document was served on counsel of record via electronic means and upon Daren Porter via First Class mail at the address below:

Daren Porter 23594-039
USP Victorville
PO Box 3900
Adelanto, CA 92301

                                               S/ J. McCoy                    
                                               Case Manager